**WO**

# IN THE UNITED STATES DISTRICT COURT
# FOR THE DISTRICT OF ARIZONA

| | |
|---|---|
| Regina L. Stancil, | ) No. CV-06-2169-PHX-DGC |
| Plaintiff, | ) |
| vs. | ) **ORDER** |
| Michael J. Astrue, Commissioner of Social Security Administration, | ) |
| Defendant. | ) |

Plaintiff has filed a motion for summary judgment and Defendant has filed a cross-motion for summary judgment. Dkt. ##17, 23. Defendant has filed a response to Plaintiff's motion. Dkt. #22. Plaintiff has not filed a response or reply brief, and the time for doing so has expired. The Court will grant Plaintiff's motion and deny Defendant's cross-motion.

**I.   Background.**

Plaintiff applied for disability insurance benefits on April 25, 2002, claiming disability as of January 1, 2001. Dkt. #7, Tr. 57-60. The application was denied initially and on reconsideration. Tr. 33-34. A hearing before an Administrative Law Judge ("ALJ") was held on April 6, 2005. Tr. 407-38. The ALJ issued a written decision on May 19, 2005, finding that Plaintiff was not disabled within the meaning of the Social Security Act. Tr. 23-29. This decision became Defendant's final decision when the Appeals Council denied review. Tr. 6-8. Plaintiff then commenced this action for judicial review pursuant to 42 U.S.C. § 405(g). Dkt. #1.

## II. Standard of Review.

Defendant's decision to deny benefits will be vacated "only if it is not supported by substantial evidence or is based on legal error." *Robbins v. Soc. Sec. Admin.*, 466 F.3d 880, 882 (9th Cir. 2006). Substantial evidence is more than a mere scintilla, but less than a preponderance. *Id.* In determining whether the decision is supported by substantial evidence, the Court must consider the record as a whole, weighing both the evidence that supports the decision and the evidence that detracts from it. *Reddick v. Charter*, 157 F.3d 715, 720 (9th Cir. 1998).

## III. Analysis.

The ALJ found that Plaintiff had several severe impairments: back disorders, osteoporosis, arthritis, mild obesity, and mild affective disorder. The ALJ also found that Plaintiff suffered from depression resulting in mild restrictions in Plaintiff's daily activities and her ability to maintain social functioning, concentration, persistence, and pace. The ALJ determined, however, that Plaintiff's impairments and functional limitations were not severe enough to meet or equal a listed impairment. Tr. 25, 28 ¶¶ 3-4. The ALJ further determined that testimony and statements regarding the severity of the impairments were not credible. Tr. 26, 28 ¶ 5. The ALJ concluded that Plaintiff was able to perform her past work as a data entry clerk, telephone representative, and credit card analyst. Tr. 27, 28 ¶¶ 6-8.

Plaintiff contends that the ALJ erred by ignoring or improperly evaluating probative evidence, including the opinions of treating and examining physicians, Plaintiff's obesity, and testimony and statements regarding the severity of her impairments. Plaintiff further contends that she was denied a full and fair hearing due to the ALJ's failure to call examining physicians for cross-examination. Dkt. #19. Defendant argues that the ALJ did not err and that his decision is supported by substantial evidence. Dkt. #25.

As explained more fully below, the Court concludes that Defendant's decision to deny benefits must be reversed because the ALJ erroneously rejected testimony and statements regarding the disabling nature of Plaintiff's impairments. The Court accordingly need not address Plaintiff's other challenges to Defendant's decision.

**A.    Plaintiff's Testimony.**

Plaintiff testified that she is unable to work due to severe pain in her lower back, hips, legs, shoulders, and hands. She stated that she needs assistance showering, dressing, and preparing meals and is able to sleep for only a few hours at a time. She further stated that she needs to use a wheelchair when she leaves the house. She noted that she has lost three inches in height to due her osteoporosis and that her joints are stiff, bent, and swollen. Tr. 413-25; *see* Tr. 105-08. The ALJ found this testimony not credible. Tr. 26.

"Pain of sufficient severity caused by a medically diagnosed 'anatomical, physiological, or psychological abnormality' may provide the basis for determining that a claimant is disabled." *Light v. Soc. Sec. Admin.*, 119 F.3d 789, 792 (9th Cir. 1997) (citing 42 U.S.C. § 423(d)(5)(A); *Bunnell v. Sullivan*, 947 F.2d 341, 344-45 (9th Cir. 1991)). "Once a claimant produces objective medical evidence of an underlying impairment, an ALJ may not reject a claimant's subjective complaints based solely on lack of objective medical evidence to fully corroborate the alleged severity of pain." *Moisa v. Barnhart*, 367 F.3d 882, 885 (9th Cir. 2004) (citation and alterations omitted); *see Smolen v. Chater*, 80 F.3d 1273, 1282 (9th Cir. 1996) ("The claimant need not produce objective medical evidence of the pain . . . itself, or the severity thereof. Nor must the claimant produce objective medical evidence of the causal relationship between the medically determinable impairment and the symptom.") (citing *Bunnell*, 947 F.2d at 345-48); 20 C.F.R. § 404.1529(c)(2) ("[W]e will not reject your statements about the intensity and persistence of your pain or other symptoms or about the effect your symptoms have on your ability to work solely because the objective medical evidence does not substantiate your statements."); SSR 96-7p, 1996 WL 374186, at *1 (July 2, 1996) (same); *see also* SSR 95-5p, 1995 WL 670415, at *1 (Oct. 31, 1995) ("Because symptoms sometimes suggest a greater severity of impairment than can be shown by objective medical evidence alone, careful consideration must be given to any available information about symptoms.").

In addition, and significantly for this case, unless the ALJ "makes a finding of malingering based on affirmative evidence thereof, he or she may only find [the claimant]

1  not credible by making specific findings as to credibility and stating clear and convincing
2  reasons for each." *Robbins v. Soc. Sec. Admin.*, 466 F.3d 880, 883 (9th Cir. 2006) (citing
3  *Smolen*, 80 F.3d at 1283-84). "'General findings are insufficient; rather, the ALJ must
4  identify what testimony is not credible and what evidence undermines the claimant's
5  complaints.'" *Reddick*, 157 F.3d at 722 (quoting *Lester v. Chater*, 81 F.3d 821, 834 (9th Cir.
6  1995)); *see Dodrill v. Shalala*, 12 F.3d 915, 918 (9th Cir. 1993) (same).

It is undisputed that Plaintiff suffers from back disorders, osteoporosis, arthritis, and mild obesity. The ALJ found that these impairments were severe. Tr. 25, 28 ¶ 3. Plaintiff's treating physician, Dr. Ludi Pyter-Kabat ("Dr. Kabat"), opined that Plaintiff's impairments caused severe pain. Tr. 331. An examining physician confirmed the existence of chronic pain associated with Plaintiff's back disorders. Tr. 142. Plaintiff has thus "produced medical evidence of underlying impairments consistent with [her] subjective complaints[.]" *Regennitter v. Comm'r of Soc. Sec.*, 166 F.3d 1294, 1296 (9th Cir. 1999); *see Howard v. Heckler*, 782 F.2d 1484, 1488 n.4 (9th Cir. 1986) ("[S]o long as the pain is *associated* with a clinically demonstrated impairment, credible pain testimony should contribute to a determination of disability.") (emphasis in original).

Because the ALJ made no finding that Plaintiff was malingering, he was required to give clear and convincing reasons in support of his adverse credibility finding. *See Robbins*, 466 F.3d at 883. This clear and convincing standard "is the most demanding required in Social Security cases." *Moore v. Comm'r of Soc. Sec. Admin.*, 278 F.3d 920, 924 (9th Cir. 2002). The ALJ asserted multiple reasons for rejecting Plaintiff's testimony, but none of them is convincing or supported by substantial evidence.

First, the ALJ found Plaintiff not credible because "the objective findings [did] not support the alleged severity of her impairments." Tr. 26. This is an insufficient reason for disbelieving Plaintiff. *See* 20 C.F.R. § 404.1529(c)(2); *Robbins*, 466 F.3d at 884 (lack of objective medical evidence was an improper reason for rejecting the claimant's testimony of disabling pain where there was evidence that the claimant had severe shoulder and back impairments) (citing SSR 96-7p, 1996 WL 374186, at *1; *Light*, 119 F.3d at 792).

Moreover, while the evidence in this case includes more than 250 pages of medical records (*see* Tr. 136-387), the ALJ cites to a single treatment note from Dr. Kabat to support his conclusion that the medical evidence undermines Plaintiff's credibility. Tr. 26 (citing Tr. 255). The cited treatment note indicates that Plaintiff needed to "support[] herself on the table" during the examination and tried to "move all the time due to discomfort in [her] low back after standing in one position for sometime." Tr. 255. Dr. Kabat diagnosed Plaintiff with low back pain, muscle tenderness, a slow and painful gait, and moderately reduced flexibility. *Id.* The ALJ does not explain, and it is unclear to the Court, why these medical findings are inconsistent with Plaintiff's description of disabling pain.

Second, the ALJ stated that while Plaintiff appeared at the hearing in a wheelchair, "there is no evidence in the record to suggest any of her doctors prescribed the use of a wheelchair." Tr. 26. To the contrary, Dr. Kabat stated in a June 2001 treatment note that Plaintiff "has to use a wheelchair when walking longer distances." Tr. 245. This is consistent with both the October 2001 statement of Plaintiff's son that Plaintiff uses a wheelchair when she leaves the house and Plaintiff's hearing testimony that Dr. Kabat prescribed a wheelchair and that Plaintiff had been using one for four years. Tr. 100, 104, 414, 419. The ALJ's finding on this issue is not supported by substantial evidence.

Third, the ALJ found that Plaintiff's ability to do home exercises involving walking and stretching was "inconsistent with both her testimony and her need for a wheelchair." Tr. 26 (citing Tr. 233, 293-296). The Ninth Circuit "has repeatedly asserted that the mere fact that a plaintiff has carried on certain daily activities, such as . . . limited walking for exercise, does not in any way detract from her credibility as to her overall disability. One does not need to be 'utterly incapacitated' in order to be disabled." *Vertigan v. Halter*, 260 F.3d 1044, 1050 (9th Cir. 2001) (quoting *Fair*, 885 F.2d at 603); *Cooper v. Bowen*, 815 F.2d 557, 561 (9th Cir. 1987) (noting that a disability claimant need not "vegetate in a dark room" to be eligible for benefits); *see also Orn v. Astrue*, --- F.3d ---, No. 05-16181, 2007 WL 2034287, at *12 (9th Cir. July 16, 2007) (citing *Vertigan*). Indeed, a plaintiff may engage in such activities "*despite* pain for therapeutic reasons, but that does not mean she could

1    concentrate on work despite the pain or could engage in similar activity for a longer period
2    given the pain involved." *Vertigan*, 260 F.3d at 1050 (emphasis in original).

3          The evidence in this case shows that Plaintiff's limited exercise is "not easily
4    transferable to what may be the more grueling environment of the workplace, where it might
5    be impossible to periodically rest or take medication." *Fair*, 885 F.2d at 603. The ALJ
6    himself acknowledged that Plaintiff was not always able to exercise. Tr. 26. Plaintiff
7    testified that she tried physical therapy but that it "hurt so bad" she became physically ill and
8    had to quit. Tr. 424. This testimony is consistent with Dr. Kabat's treatment notes, which
9    indicate that Plaintiff "had more pain" after physical therapy and that it "[did] not work at
10   all [and] actually made [the pain] worse." Tr. 242, 383. Considering the record as a whole
11   and in the proper context, the Court concludes that substantial evidence does not support the
12   ALJ's conclusion that Plaintiff's exercise regimen is inconsistent with her testimony of
13   disabling pain. *See Vertigan*, 260 F.3d at 1050-51; *Reddick*, 157 F.3d at 722 (claimant's
14   activities were consistent with her testimony of disabling pain where the activities were
15   "sporadic and punctuated with rest"); *Benecke v. Barnhart*, 379 F.3d 587, 594 (9th Cir. 2004)
16   ("The record provides little support for the ALJ's credibility finding. In discrediting
17   Benecke's testimony about the severity of her symptoms, the ALJ relied largely on
18   Benecke's ability to carry out certain routine tasks. As described above, Benecke's daily
19   activities are quite limited and carried out with difficulty.").

20         Fourth, the ALJ claimed that Dr. Kabat "believed [Plaintiff] could lift without back
21   pain with proper lifting techniques." Tr. 26 (citing Tr. 230). The cited treatment note
22   reflects no such belief. Dr. Kabat merely counseled Plaintiff as to the benefits of a healthy
23   diet, regular exercise, and the "proper methods of lifting for the prevention of low back
24   pain." Tr. 230. The treatment note shows that Plaintiff continued to suffer from chronic low
25   back pain and shoulder and joint pain. Tr. 229. This Circuit has made clear that an ALJ's
26   rejection of testimony is in error and not supported by substantial evidence where the ALJ
27   has "selectively focused on aspects of [medical records] which tend to suggest non-
28   disability[.]" *Edlund v. Massanari*, 253 F.3d 1152, 1159-60 (9th Cir. 2001); *see Holohan v.*

1  *Massanari*, 246 F.3d 1195, 1205 (9th Cir. 2001).  The ALJ erred by relying on selective
2  portions of Dr. Kabat's treatment notes and failing to read his statements in the "context of
3  the overall diagnostic picture he [drew]."  *Holohan*, 246 F.3d at 1205; *see Switzer v. Heckler*,
4  742 F.2d 382, 385-86 (7th Cir. 1984) ("[The doctor's] report is uncontradicted and the
5  Secretary's attempt to use only the portions favorable to her position, while ignoring other
6  parts, is improper.").

7  Fifth, the ALJ relied on a treatment note purportedly showing that Plaintiff
8  "was taking no medication in January 2001." Tr. 26 (citing Tr. 258).  The treatment note is
9  dated January 31, 2001, which appears to be the date of Plaintiff's second visit to Dr. Kabat
10 following her alleged onset of disability.  Tr. 258.  Plaintiff previously visited Dr. Kabat on
11 January 17, 2001.  The treatment note from this visit shows that Plaintiff was taking extra-
12 strength Excedrin for her low back pain, and that Dr. Kabat directed Plaintiff to continue
13 taking the medication.  Tr. 261.  While the treatment note from Plaintiff's follow-up visit of
14 January 31 indicates that she was "currently on no medication," it is clear from the note that
15 the Excedrin was not working and Plaintiff was seeking a stronger prescription drug.
16 Tr. 258.  Dr. Kabat complied with Plaintiff's request by prescribing her a 30-day supply of
17 Roxicet, a narcotic analgesic.  Tr. 259.  Considering Dr. Kabat's treatment notes in their
18 entirety, as the Court must do, the Court concludes that substantial evidence does not support
19 the ALJ's conclusion that Plaintiff was taking no medication in January 2001.  *See Robbins*,
20 466 F.3d at 882 ("[A] reviewing court must consider the entire record as a whole and may
21 not affirm simply by isolating a 'specific quantum of supporting evidence.'") (quoting
22 *Hammock v. Bowen*, 879 F.2d 498, 501 (9th Cir. 1989)); *Day v. Weinberger*, 522 F.2d 1154,
23 1156 (9th Cir. 1975) (same).

24 Sixth, the ALJ found that Plaintiff's medication helped control her pain.  The ALJ
25 based this finding on a single treatment note dated January 15, 2004.  Tr. 26 (citing Tr. 321).
26 Dr. Kabat did indicate in the note that Plaintiff's OxyContin was "helping to control pain."
27 Tr. 321.  But he also stated that Plaintiff still had "breakthrough pain," which is pain that
28 occurs suddenly for short periods of time and is not alleviated by pain medication.

1    A subsequent treatment note dated January 26, 2005, shows that Plaintiff's pain had
2 worsened and that she was having more problems with her shoulders, hips, neck, and low
3 back. Tr. 289-92. The ALJ does not address this treatment note, nor does he explain why
4 the treatment note of January 2004 renders Plaintiff's hearing testimony incredible. The
5 ALJ's finding on this issue is neither convincing nor supported by substantial evidence.

6    Finally, the ALJ found Plaintiff not credible because she purportedly testified that she
7 worked full time until May 2001. Tr. 26. A review of the hearing transcript shows that
8 Plaintiff actually stated that she unsuccessfully attempted to return to work *part time*, not full
9 time:

10    Q.    When did you quit working in 2001? What month?
11    A.    I quit in January. Then I went back again and tried *part time*. I believe it was May that I finally realized that I couldn't even go *part time*.

13 Tr. 429 (emphasis added). This testimony is consistent with Plaintiff's October 2001
14 statement that after her disability began she "went to work part time" but her "condition
15 worsened and [she] was unable to continue." Tr. 107.[1]

16    "[T]he Social Security Act and regulations are designed 'to encourage individuals who
17 have previously suffered from a disability to return to substantial gainful employment[.]'"
18 *Moore*, 278 F.3d at 925 (quoting *Flaten v. Sec. of HHS*, 44 F.3d 1453, 1458 (9th Cir. 1995)).
19 To effectuate this policy, the "regulations provide for a 'trial work period' in which a
20 claimant may 'test [her] ability to work and still be considered disabled.'" *Id.* at 924-25
21 (quoting 20 C.F.R. § 404.1592). Plaintiff's attempt to work part time is an insufficient
22 reason for disbelieving Plaintiff. *See Lester*, 81 F.3d at 833 ("In evaluating whether the
23 claimant satisfies the disability criteria, the Commissioner must evaluate the claimant's
24 'ability to work on a *sustained* basis.' Occasional symptom-free periods – and even the
25 sporadic ability to work – are not inconsistent with disability.") (quoting 20 C.F.R. §

---

[1] The ALJ noted that Plaintiff earned $8,900 in 2001, but does not address how this amount of compensation compares to Plaintiff's expected full-time compensation, nor why this amount is inconsistent with Plaintiff's assertion that she worked only part time.

- 8 -

1  404.1512(a); emphasis in original); SSR 96-8p, 1996 WL 374184, at *7 (defining "sustained
2  work" as a 40-hour work week).

### B.      Statements of Plaintiff's Relatives.

"In determining whether a claimant is disabled, an ALJ must consider lay witness testimony concerning a claimant's ability to work." *Stout v. Comm'r, Soc. Sec. Admin.*, 454 F.3d 1050, 1053 (9th Cir. 2006) (citing *Dodrill*, 12 F.3d at 919; 20 C.F.R. § 404.1513(d)(4) & (e)). "Indeed, 'lay testimony as to the claimant's symptoms or how an impairment affects ability to work *is* competent evidence and therefore *cannot* be disregarded without comment.'" *Id.* (emphasis in original; citation and alteration omitted). "Consequently, 'if the ALJ wishes to discount the testimony of lay witnesses, he must give reasons that are germane to each witness.'" *Id.* (citation and alteration omitted).

Plaintiff's relatives provided statements corroborating her claim of disabling pain. Her son completed a questionnaire detailing her restrictions in daily living activities and social functioning. Tr. 99-104. Her parents and two sisters provided letters describing how her health has deteriorated to the point that she is no longer able to perform simple tasks without difficulty or help. Tr. 133-35.

The ALJ found these statements "exaggerated with regard to [Plaintiff's] lack of ability to perform certain daily activities." Tr. 26. The ALJ provided specific reasons for this finding, but none of them is a proper basis for rejecting the statements.

The ALJ asserted that the statements are not consistent with Plaintiff's ability to exercise. Tr. 26. As explained above, Plaintiff's limited exercise does not support an adverse credibility finding. *See Vertigan*, 260 F.3d at 1050.

The ALJ also asserted that the statements do not explain how Plaintiff was able to take two trips to Pennsylvania during the adjudicatory period. Tr. 26. The ALJ, however, does not address the nature of the trips or explain how the mere fact that Plaintiff traveled to another State is inconsistent with her relatives' statements. Plaintiff testified at the hearing that she had to fly to Pennsylvania to visit her seriously ill father. Plaintiff further testified that she was accompanied on each flight because she could not travel alone. Tr. 426-27.

1  Dr. Kabat's treatment notes indicate that on two occasions Plaintiff "had to fly" and her
2  "back pain got worse." Tr. 307, 368. One of Plaintiff's sisters stated that during the trips
3  Plaintiff "could not go places or do the things she could do before" her disability. Tr. 134.
4  Plaintiff's parents stated that Plaintiff's back bothers her when she travels and that she is no
5  longer able to go on long road trips due to the pain. Tr. 135.

6        "Several courts, including [this Circuit], have recognized that disability claimants
7  should not be penalized for attempting to lead normal lives in the face of their limitations."
8  *Reddick*, 157 F.3d at 722 (citations omitted). The mere fact that Plaintiff made two out-of-
9  state trips to visit her sick father "does not in any way detract from her [relatives'] credibility
10 as to her overall disability." *Vertigan*, 260 F.3d at 1050.

11       Finally, the ALJ found that the statements do not explain how Plaintiff could drive
12 herself to the doctor's office. Tr. 26. The ALJ does not explain the basis for this finding, nor
13 does he cite any evidence to support it. "[G]eneral findings are an insufficient basis to
14 support an adverse credibility determination." *Holohan*, 246 F.3d at 1208 (citing *Reddick*,
15 157 F.3d at 722). Moreover, the ALJ's finding is belied by the record. Plaintiff testified at
16 the hearing that she quit driving in 2001 due to her medication and that "now there's no
17 possible way [she] could drive" because she cannot "even turn [her] head to look in the
18 mirrors[.]" Tr. 430. This testimony is corroborated by the October 2001 statements of
19 Plaintiff and her son that Plaintiff is unable to drive and that her son and daughter-in-law
20 drive her to the doctor's office. Tr. 101, 107.

21       In summary, the reasons the ALJ provided for finding Plaintiff and her family not
22 credible are neither convincing nor supported by substantial evidence. The Court
23 accordingly will grant summary judgment in Plaintiff's favor with respect to this issue.[2]

---

25       [2]Defendant contends that the ALJ's adverse credibility findings are supported by
26 substantial evidence because examining and consultive physicians noted that Plaintiff's
   subjective complaints outweighed the objective findings. Dkt. #25 at 11 (citing Tr. 142,
27 181). But the ALJ did not rely on this evidence in making his credibility findings, *see* Tr.
28 26, and the Court "cannot affirm the decision of [the ALJ] on a ground that the [ALJ] did not
   invoke in making [his] decision." *Pinto v. Massanari*, 249 F.3d 840, 847 (9th Cir. 2001).

**C.     The Decision to Remand for Further Proceedings or an Award of Benefits.**

Having decided to vacate Defendant's decision, the Court has the discretion to remand the case for further development of the record or for an award benefits. *See Reddick*, 157 F.3d at 728. In *Smolen*, the Ninth Circuit held that evidence should be credited and an action remanded for an immediate award of benefits when the following three factors are satisfied: (1) the ALJ has failed to provide legally sufficient reasons for rejecting evidence, (2) there are no outstanding issues that must be resolved before a determination of disability can be made, and (3) it is clear from the record that the ALJ would be required to find the claimant disabled were such evidence credited. 80 F.3d at 1292; *see Varney v. Sec. of HHS*, 859 F.2d 1396, 1400 (9th Cir. 1988) (*Varney II*) ("In cases where there are no outstanding issues that must be resolved before a proper determination can be made, and where it is clear from the record that the ALJ would be required to award benefits if the claimant's excess pain testimony were credited, we will not remand solely to allow the ALJ to make specific findings regarding that testimony."); *Swenson v. Sullivan*, 876 F.2d 683, 689 (9th Cir. 1989) (same); *Rodriguez v. Bowen*, 876 F.2d 759, 763 (9th Cir. 1989) ("In a recent case where the ALJ failed to provide clear and convincing reasons for discounting the opinion of claimant's treating physician, we accepted the physician's uncontradicted testimony as true and awarded benefits.") (citing *Winans v. Bowen*, 853 F.2d 643, 647 (9th Cir. 1988)); *Hammock*, 879 F.2d at 503 (extending *Varney II*'s "credit as true" rule to a case with outstanding issues where the claimant already had experienced a long delay and a treating doctor supported the claimant's testimony). On many occasions since *Smolen*, the Ninth Circuit has reaffirmed the rule that improperly rejected evidence must be credited as true. *See Lester*, 81 F.3d at 834; *Reddick*, 157 F.3d at 729; *Harman v. Apfel*, 211 F.3d 1172, 1178 (9th Cir. 2000); *McCartey v. Massanari*, 298 F.3d 1072, 1076-77 (9th Cir. 2002); *Moisa*, 367 F.3d at 887; *Benecke*, 379 F.3d at 593-95. At least one panel, however, has explicitly held that the "credit as true" doctrine is not mandatory in the Ninth Circuit. *Connett v. Barnhart*, 340 F.3d 871, 876 (9th Cir. 2003).

The Court need not choose between these "two opposing lines of authority, neither

- 11 -

of which has an unimpaired claim to being the law of the circuit.'" *Greenhow v. Sec. of HHS*, 863 F.2d 633, 636 (9th Cir. 1988), *overruled in part by United States v. Hardesty*, 977 F.2d 1347 (9th Cir. 1992) (en banc).  The Court concludes, on the specific record before it, that the testimony and statements of disabling pain should be credited as true and the case remanded for an award of benefits.  The ALJ acknowledged in his decision that he had considered all of the evidence of record in making his adverse credibility determinations. Tr. 23; *see Smolen*, 80 F.3d at 1284 (setting forth factors relevant to the credibility determination).  Moreover, the subjective complaints of pain are consistent with the medical evidence as a whole.  The vocational expert testified that if Plaintiff's testimony is credited, a disability finding would be required.  Tr. 437.  Thus, "a remand for further proceedings would serve no useful purpose." *Reddick*, 157 F.3d at 730; *see Orn*, 2007 WL 2034287, at *14 (remanding for an award of benefits where it was "'clear from the record that the ALJ would be required to determine the claimant disabled if he had credited the claimant's testimony'") (quoting *Connett*, 340 F.3d at 876).

**IT IS ORDERED:**

1. Plaintiff's motion for summary judgment (Dkt. #17) is **granted**.
2. Defendant's cross-motion for summary judgment (Dkt. #23) is **denied**.
3. Defendant's administrative decision denying benefits is **reversed**.
4. The case is remanded to Defendant for an award of benefits.
5. The Clerk is directed to terminate this action.

DATED this 25th day of September, 2007.

David G. Campbell
United States District Judge