**WO**

IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF ARIZONA

| | |
|---|---|
| Regina L. Stancil,<br><br>   Plaintiff,<br><br>vs.<br><br>Michael J. Astrue, Commissioner of Social Security Administration,<br><br>   Defendant. | No. CV-06-2169-PHX-DGC<br><br>**ORDER** |

The Court issued an order and judgment on September 25, 2007, reversing Defendant's administrative decision and remanding the case for an award of disability insurance benefits. Dkt. ##26-27. On October 10, 2007, Defendant filed a motion for relief from judgment pursuant to Rule 59(e) of the Federal Rules of Civil Procedure. Dkt. #28. Plaintiff has responded to the motion. Dkt. #30. Defendant has not replied, and the time for doing so has expired. The Court will deny the motion.

**I. Background.**

Plaintiff applied for disability insurance benefits. The application was denied initially and on reconsideration. Following a hearing at which Plaintiff testified, an Administrative Law Judge ("ALJ") issued a written decision denying Plaintiff's application. This decision became Defendant's final decision when the Appeals Council denied review. Plaintiff then commenced this action for judicial review.

## II. Discussion.

The Court reversed Defendant's decision because the ALJ erroneously rejected Plaintiff's testimony and statements of her relatives regarding the disabling nature of her impairments. Dkt. #26 at 2-10. The Court remanded for an award of benefits because it was clear from the record that the ALJ would be required to find Plaintiff disabled were such evidence credited, and Ninth Circuit law required the Court to credit the evidence as true. *Id.* at 11-12.

Defendant contends that relief under Rule 59(e) is appropriate because the Court's judgment is based on manifest errors of law and the Court "overstepped the limited bounds of judicial review in this case." Dkt. #29 at 1-7. Defendant further contends that even if the ALJ committed reversible error, a remand for an award of benefits is not the proper remedy. *Id.* at 8-9. Plaintiff argues that the Court's order and judgment are free from error and that the Court did not abuse its discretion in awarding benefits. Dkt. #30.

### A. Rule 59(e) Standard.

Motions for reconsideration are disfavored and are not the place for parties to make new arguments or to ask the Court to rethink its analysis. *See N.W. Acceptance Corp. v. Lynnwood Equip., Inc.*, 841 F.2d 918, 925-26 (9th Cir. 1988); *United States v. Rezzonico*, 32 F. Supp. 2d 1112, 1116 (D. Ariz. 1998). Under Rule 59(e), a motion for reconsideration should not be granted unless the Court is presented with newly discovered evidence, committed clear error or the initial decision was manifestly unjust, or there is an intervening change in controlling law. *See 389 Orange Street Partners v. Arnold*, 179 F.3d 656, 665 (9th Cir. 1999); *Turner v. Burlington N. Santa Fe R.R. Co.*, 338 F.3d 1058, 1063 (9th Cir. 2003).

### B. Did the Court Apply the Proper Standard of Review?

The Court's prior order addressed all evidence discussed by the ALJ in support of his adverse credibility finding. Dkt. #26 at 5-9; *see* Dkt. #7, Tr. 26. Defendant contends that the Court erred by failing to consider other evidence in the record supporting the ALJ's decision. Dkt. #29 at 2-7. As this Circuit has made clear, however, the Court may not "affirm the ALJ's credibility decision based on evidence the ALJ did not discuss." *Connett v. Barnhart*,

1  340 F.3d 871, 874 (9th Cir. 2003) (citing *Pinto v. Massanari*, 249 F.3d 840, 847-48 (9th Cir. 2001)).

Moreover, the ALJ's credibility decision was based in part on a purported lack of evidence supporting Plaintiff's testimony. The ALJ stated that there was "no evidence in the record to suggest any of [Plaintiff's] doctors prescribed the use of a wheelchair." Tr. 26. The ALJ further stated that Plaintiff "was taking no medication in January 2001." *Id.* As the Court explained in its prior order, these findings do not comport with the record. Dkt. #26 at 5, 7 (citing Tr. 100, 104, 245, 258-61, 414, 419). Defendant argues that the Court erred in rejecting the ALJ's findings because Plaintiff used a wheelchair only when walking longer distances and because Plaintiff was taking an over-the-counter pain reliever, not prescribed medication, in January 2001. But the ALJ did not reject Plaintiff's testimony on these grounds. *See* Tr. 26. The ALJ stated that there was "no evidence" that a doctor prescribed a wheelchair and that Plaintiff was taking "no medication" in January 2001 – reasons for rejecting Plaintiff's testimony that were simply incorrect. Although Defendant now advances other grounds upon which the testimony could have been rejected, the Court may not affirm the ALJ's decision "on a ground that the [ALJ] did not invoke in making [his] decision[.]" *Pinto*, 249 F.3d at 847; *see SEC v. Chenery Corp.*, 332 U.S. 194, 196 (1947) (emphasizing the "fundamental rule of administrative law" that a reviewing court "must judge the propriety of [administrative] action solely by the grounds invoked by the agency"); *Burlington Truck Lines, Inc. v. United States*, 371 U.S. 156, 168-69 (1962) ("The courts may not accept appellate counsel's post hoc rationalizations for agency action; *Chenery* requires that an agency's discretionary order be upheld, if at all, on the same basis articulated in the order by the agency itself[.]"); *see also Bunnell v. Sullivan*, 947 F.2d 341, 346 (9th Cir. 1991) (en banc) ("[A] reviewing court should not be forced to speculate as to the grounds for an adjudicator's rejection of a claimant's allegations of disabling pain.").

The ALJ was required to give convincing reasons, supported by substantial evidence, in support of his finding that Plaintiff's testimony was not fully credible. *See, e.g.*, *Robbins v. Soc. Sec. Admin.*, 466 F.3d 880, 883 (9th Cir. 2006). Defendant has not shown that the

1  Court committed clear error in concluding that the ALJ's reasons for rejecting Plaintiff's
2  testimony were neither convincing nor supported by substantial evidence.

3  Defendant contends that the Court also erred in finding that the ALJ improperly
4  rejected the statements of Plaintiff's relatives. Dkt. #29 at 6. The ALJ concluded that the
5  relatives' statements did not explain how Plaintiff was able to drive herself to the doctor's
6  office, nor did they explain how Plaintiff was able to take two trips to Pennsylvania. Tr. 26.
7  The Court found that these conclusions were not supported by substantial evidence. Dkt. #26
8  at 9-10. Defendant claims that in making this finding the Court simply substituted its
9  interpretation of the evidence for that of the ALJ. But the ALJ did not interpret the evidence;
10 rather, he made conclusory assertions that were not supported by the record.

11 The ALJ cited no evidence in support of his conclusion that Plaintiff was able to drive.
12 *See* Tr. 26. Plaintiff, by contrast, testified that she quit driving in 2001 due to her medication
13 and that there was "no possible way [she] could drive" due to her impairments. Tr. 430.
14 This testimony is corroborated by statements of Plaintiff and her son that she was unable to
15 drive and that her son and daughter-in-law drive her to the doctor's office. Tr. 101, 107.

16 With respect to Plaintiff's trips to Pennsylvania, the ALJ did not address the nature
17 of the trips or explain how the mere fact that Plaintiff traveled to another State was
18 inconsistent with her relatives' statements. *See* Tr. 26. A review of the record shows that
19 Plaintiff had to fly to Pennsylvania to visit her seriously ill father, that she was accompanied
20 on each flight because she could not travel alone, that the flights made her back pain worse,
21 and that during the trips she was unable to do the things she could do before her disability.
22 Tr. 134, 307, 368, 426-27. This evidence refutes the ALJ's conclusion that there was no
23 explanation as to how Plaintiff was able to travel out-of-state during the adjudicatory period.

24 Defendant has not shown that the Court committed clear error in finding that the
25 ALJ's reasons for rejecting the statements of Plaintiff's relatives were not supported by
26 substantial evidence. *See Holohan v. Massanari*, 246 F.3d 1195, 1208 (9th Cir. 2001)
27 ("[G]eneral findings are an insufficient basis to support an adverse credibility
28 determination."); *Stout v. Comm'r, Soc. Sec. Admin.*, 454 F.3d 1050, 1053 (9th Cir. 2006)

(requiring the ALJ to "give reasons that are germane to each witness" before rejecting lay testimony). The Court will deny Defendant's motion with respect to the Court's order and judgment reversing Defendant's decision.

### C.     Is an Award of Benefits the Proper Remedy?

In *Varney v. Secretary of Health and Human Services*, 859 F.2d 1396 (9th Cir. 1988), the Ninth Circuit held that in cases where there are no outstanding issues that must be resolved before a proper determination can be made, and where it is clear from the record that the ALJ would be required to award benefits if the claimant's testimony were credited, the court may "not remand solely to allow the ALJ to make specific findings regarding that testimony." 859 F.2d at 1400; *see Swenson v. Sullivan*, 876 F.2d 683, 689 (9th Cir. 1989) ("We accept as true Swenson's testimony of disabling fatigue. Because of [the] uncontradicted testimony that, if Swenson's testimony were true Swenson would be disabled, we will not remand for further findings."); *Rodriguez v. Bowen*, 876 F.2d 759, 763 & n.11 (9th Cir. 1989) ("[W]e follow [the 'credit as true'] rule when an ALJ fails to provide legally sufficient reasons for disregarding a claimant's excess pain testimony."). On many occasions since *Varney*, the Ninth Circuit has reaffirmed the rule that improperly rejected evidence must be credited as true. *See Lester v. Chater*, 81 F.3d 821, 834 (9th Cir. 1995); *Smolen v. Chater*, 80 F.3d 1273, 1292 (9th Cir. 1996); *Reddick v. Charter*, 157 F.3d 715, 729 (9th Cir. 1998); *Harman v. Apfel*, 211 F.3d 1172, 1178 (9th Cir. 2000); *Moore v. Comm'r of Soc. Sec.*, 278 F.3d 920, 926 (9th Cir. 2002); *McCartey v. Massanari*, 298 F.3d 1072, 1076-77 (9th Cir. 2002); *Moisa v. Barnhart*, 367 F.3d 882, 887 (9th Cir. 2004); *Benecke v. Barnhart*, 379 F.3d 587, 593-95 (9th Cir. 2004); *Orn v. Astrue*, 495 F.3d 625, 640 (9th Cir. 2007); *Lingenfelter v. Astrue*, --- F.3d. ---, No. 04-56934, 2007 WL 2874403, at *10 (9th Cir. Oct. 4, 2007) ("[W]e will not remand for further proceedings where, taking the claimant's testimony as true, the ALJ would clearly be required to award benefits[.]") (citing *Varney*).

Applying these cases in the instant suit, the Court concluded that the improperly rejected testimony and statements of disabling impairments should be credited as true and the case remanded for an award of benefits. Dkt. #26 at 11-12. Defendant urges the Court

to follow *Connett v. Barnhart*, 340 F.3d 871 (9th Cir. 2003), in which a three-judge panel explicitly declined to apply the "credit as true" doctrine. Dkt. #29 at 8 (citing *Connett*, 340 F.3d at 876). Although this Court would be inclined to agree with *Connett*'s approach, the overwhelming authority in this Circuit makes clear that the "credit as true" doctrine is mandatory. Until an *en banc* panel reverses course, this Court must follow *Varney* and its progeny. *See Miller v. Gammie*, 335 F.3d 889, 899 (9th Cir. 2003) (holding that neither a district court nor a three-judge panel may overrule a prior decision of the court unless it has been "undercut by higher authority to such an extent that it has been effectively overruled").

It is clear from the record that a disability finding is required when Plaintiff's testimony and the statements of her relatives are credited as true. The Court accordingly did not abuse its discretion in remanding the case for an award of benefits. *See Orn*, 495 F.3d at 640 (remanding for an award of benefits where it was clear from the record that the ALJ would be required to find the claimant disabled if he had credited the claimant's testimony).

**IT IS ORDERED** that Defendant's motion for relief from judgment (Dkt. #28) is **denied**.

DATED this 15th day of November, 2007.

David G. Campbell
United States District Judge

- 6 -