**WO**

# IN THE UNITED STATES DISTRICT COURT
# FOR THE DISTRICT OF ARIZONA

| | |
|---|---|
| Regina Stancil, | No. CV-06-2169-PHX-DGC |
| Plaintiff, | **ORDER** |
| vs. | |
| Michael J. Astrue, Commissioner of Social Security Administration, | |
| Defendant. | |

Plaintiff brought this action to obtain judicial review of Defendant's denial of social security benefits. Dkt. #1. On September 25, 2007, the Court issued an order and judgment reversing Defendant's administrative decision and remanding the case for an award of benefits. Dkt. ##26-27. The Court subsequently denied Defendant's motion for relief from judgment. Dkt. #31.

Plaintiff has filed a motion for attorney's fees and costs pursuant to the Equal Access to Justice Act ("EAJA"), 28 U.S.C. § 2412. Dkt. #32. Defendant has filed no opposition to the motion and the time for doing so has expired. *See* LRCiv 54.2(b)(3); Fed. R. Civ. P. 6(a).

Under the EAJA, the Court shall award attorney's fees and costs to a prevailing party unless the United States shows that its position was "substantially justified or that special circumstances make an award unjust." 28 U.S.C. § 2412(d)(1)(A); *see Gutierrez v. Barnhart*, 274 F.3d 1255, 1258 (9th Cir. 2001) (same); *Flores v. Shalala*, 49 F.3d 562, 567 (9th Cir. 1995) ("The EAJA creates a presumption that fees will be awarded to prevailing parties.").

Plaintiff is a prevailing party because this matter was remanded pursuant to sentence four of the Social Security Act, 42 U.S.C. § 405(g). *See* Dkt. ##1, 33; *see also Gutierrez*, 274 F.3d at 1257 ("An applicant for disability benefits becomes a prevailing party for purposes of the EAJA if the denial of her benefits is reversed and remanded regardless of whether disability benefits ultimately are awarded."); *Flores*, 49 F.3d at 567 ("If the district court enters judgment reversing and remanding under sentence four, then the claimant must apply for fees within 30 days of the date the judgment becomes final."). By not opposing Plaintiff's motion, Defendant has not carried his burden of showing that his position in this case was substantially justified or that special circumstances make an award of fees and costs unjust. Plaintiff is thus entitled to an award under the EAJA. *See* 28 U.S.C. § 2412(d)(1)(A); *Gutierrez*, 274 F.3d at 1257-58.

Plaintiff's counsel, Stephanie Lake, has filed an affidavit and an itemized statement of fees showing that she worked 29.5 hours on this case and that the fees and costs total $4,895.36. Dkt. ##32-2, 32-3. The Court finds that the requested award is reasonable. The Court will grant Plaintiff's motion and award her $4,895.36 in fees and costs.

**IT IS ORDERED:**

1. Plaintiff's motion for attorney's fees and costs (Dkt. #32) is **granted**.
2. Plaintiff is awarded **$4,895.36** in attorney's fees and costs pursuant to the Equal Access to Justice Act, 28 U.S.C. § 2412.
3. Defendant's motion to strike Plaintiff's motion for attorney's fees and costs as premature or, in the alternative, hold Plaintiff's motion in abeyance (Dkt. #33) is **denied** as moot.

DATED this 31st day of January, 2008.

David G. Campbell
United States District Judge