**WO**

# IN THE UNITED STATES DISTRICT COURT
# FOR THE DISTRICT OF ARIZONA

| | |
|---|---|
| Regina Stancil,<br>    Plaintiff,<br>vs.<br>Michael J. Astrue, Commissioner of Social Security Administration,<br>    Defendant. | No. CV-06-2169-PHX-DGC<br><br>**ORDER** |

Plaintiff's counsel had filed a motion for award of attorney fees pursuant to 42 U.S.C. § 406(b). Dkt. #35. Defendant has not filed a response. Dkt. #22. The Court will grant the motion.

**I.   Background.**

Plaintiff brought this action to obtain judicial review of Defendant's denial of social security benefits. Dkt. #1. The Court issued an order and judgment reversing Defendant's administrative decision and remanding the case for an award of benefits. Dkt. ##26-27. The Court subsequently awarded Plaintiff $4,895.36 in attorney fees pursuant to the Equal Access to Justice Act ("EAJA"), 28 U.S.C. § 2412. Dkt. ##32, 34. On remand, Defendant awarded Plaintiff $58,836 in past-due benefits. Dkt. #36 at 3.

**II.  Discussion.**

The fee agreement between Ms. Lake and Plaintiff provides that Ms. Lake shall receive 25 percent of the past-due benefits awarded to Plaintiff as result of Ms. Lake's representation. Dkt. #36-2 at 2. The agreement indicated that the total fee could amount to

1  several thousand dollars or several hundred dollars on an hourly basis and that counsel was
2  accepting Plaintiff's case because of the possibility of obtaining substantial fees.  *Id.*

3  Ms. Lake requests a fee award totaling $14,709, which represents 25 percent of the
4  $58,836 in past-due benefits awarded to Plaintiff.  Ms. Lake asserts that the fee request is
5  reasonable under 42 U.S.C. § 406(b).  Dkt. #36.

6  Section 406 establishes "the exclusive regime for obtaining fees for successful
7  representation of Social Security benefits claimants."  *Gisbrecht v. Barnhart*, 535 U.S. 789,
8  795-96 (2002).  "The statute deals with the administrative and judicial review stages
9  discretely:  § 406(a) governs fees for representation in administrative proceedings; § 406(b)
10  controls fees for representation in court."  *Id.* at 794.  Section 406(b) provides that
11  "[w]henever a court renders a judgment favorable to a claimant . . . who was represented
12  before the court by an attorney, the court may determine and allow as part of its judgment
13  a reasonable fee for such representation, not in excess of 25 percent of the total of the past-
14  due benefits to which the claimant is entitled by reason of such judgment[.]"  42 U.S.C. §
15  406(b)(1)(A).

16  In *Gisbrecht*, the Supreme Court discussed the meaning of the term "reasonable fee"
17  in § 406(b).  The Court concluded that "§ 406(b) does not displace contingent-fee agreements
18  as the primary means by which fees are set for successfully representing Social Security
19  benefits claimants in court.  Rather, § 406(b) calls for court review of such arrangements as
20  an independent check, to assure that they yield reasonable results in particular cases."  535
21  U.S. at 807.  The Court noted that "Congress has provided one boundary line:  Agreements
22  are unenforceable to the extent that they provide for fees exceeding 25 percent of the
23  past-due benefits."  *Id.*

24  In this case, Ms. Lake seeks payment of the fees she incurred in representing Plaintiff
25  before the Court.  The itemization of attorney time  attached to Ms. Lake's supporting
26  memorandum shows that she spent a total of 29.5 hours on this matter.  Dkt. #36-2 at 27-30.
27  Ms. Lake has submitted a 2006 Rate Study showing that the median hourly rate for an
28  attorney with her experience in the relevant locality is $250 per hour.  *Id.* at 32.

1    If counsel were to receive the full 25 percent of past-due benefits as provided in the fee agreement, she would receive a fee equivalent to roughly two times the median hourly rate of $250 (i.e., $14,709/29.5 hours = $499 per hour). Having considered the reasonableness factors set forth in *Gisbrecht*, the Court concludes that $499 per hour is a reasonable rate. Ms. Lake achieved a favorable result for Plaintiff and should be compensated above a normal hourly rate to recognize the risks involved in contingent fee litigation. The Court will award Ms. Lake $14,709 for her representation of Plaintiff before the Court. *See Hearn v. Barnhart*, 262 F. Supp. 2d 1033, 1036 (N.D. Cal. 2003) (awarding counsel nearly three times the amount of his normal hourly rate); *Grunseich v. Barnhart*, 439 F. Supp. 2d 1032, 1035 (C.D. Cal. 2006) (awarding hourly rate of $600); *Yarnevic v. Apfel*, 359 F. Supp. 2d 1363, 1365-67 (N.D. Ga. 2005) (awarding hourly rate of $643); *Claypool v. Barnhart*, 294 F. Supp. 2d 829, 833-34 (S.D. W. Va. 2003) (awarding fee equivalent to $1,433 hourly rate); *Brown v. Barnhart*, 270 F. Supp. 2d 769, 772-73 (W.D. Va. 2003) (awarding fee equivalent to $977 hourly rate).

**IT IS ORDERED:**

1. The motion for award of attorney fees (Dkt. #35) filed by Plaintiff's counsel, Stephanie Lake, is **granted** pursuant to 42 U.S.C. § 406(b).
2. Ms. Lake is awarded **$14,709.00** in attorney fees. Defendant shall pay this amount to Ms. Lake within 30 days from the date of this order.
3. Ms. Lake shall reimburse Plaintiff **$4,895.36**, the amount previously paid by the Government under the Equal Access to Justice Act, within 35 days from the date of this order.
4. Ms. Lake shall provide Plaintiff with a copy of this order.

DATED this 9th day of July, 2008.

_____
David G. Campbell
United States District Judge